UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EMILY J. COOKE,  )
        Plaintiff,  ) CASE NO. C13-0504-MAT
)
    v.  )
) ORDER DENYING MOTION TO
) DISMISS AND DIRECTING
CAROLYN W. COLVIN, Commissioner ) SUBMISSION OF ANSWER
of Social Security,  )
)
        Defendant.  )
_____ )

## INTRODUCTION

Plaintiff Emily Cooke, proceeding *in forma pauperis*, seeks review of the dismissal of her claim for Supplemental Security Income (SSI) by the Commissioner of the Social Security Administration (Commissioner). Now before the Court is the Commissioner's Motion to Dismiss plaintiff's complaint for lack of subject matter jurisdiction. (Dkt. 13.) Having considered the pending motion and plaintiff's response, as well as the remainder of the record, the Court concludes that the Commissioner's motion should be DENIED.

## BACKGROUND

Following denial of plaintiff's claim initially and on reconsideration (Dkts. 13-1 and 13-2), plaintiff requested a hearing (Dkt. 13-3). On May 1, 2012, the Administrative Law

ORDER RE:
MOTION TO DISMISS
PAGE -1

Judge (ALJ) issued a notice of hearing, to occur on July 24, 2012. (Dkt. 13-4.) The notice advised that, if needed, plaintiff must ask for a change in the time or place of hearing as soon as she knew of a problem that would keep her from coming, and stated: "If possible, your request should be in writing to state why you need the change and the time and place you would like the hearing held." (*Id*.) The notice indicated the ALJ would decide whether plaintiff had a good reason for requesting a change, or had a good reason for any delay in asking for a change. (*Id*.) On May 8, 2012, plaintiff acknowledged receipt of the hearing notice. (Dkt. 13-5.)

Plaintiff attests that, on July 20, 2012, she called the Office of Disability Adjudication and Review to request a continuance and was told that her claim would be denied if she did not appear. (Dkt. 14-1.) She did not have an attorney at the time of the hearing and states: "I tried to explain my reason but was told it was to [sic] late. I had been sick almost all of the summer of 2012. I called my doctor on numerous occasions but was told that there is nothing that can be done for an IBS flare." (*Id*.)

On July 26, 2012, the ALJ issued an Order of Dismissal. (Dkt. 13-5.) The ALJ noted plaintiff was unrepresented, that she did not appear at the hearing, and concluded there was "no good cause for the claimant's failure to appear at the time and place of hearing." (*Id*.) The ALJ dismissed plaintiff's request for a hearing, and stated that the October 31, 2011 denial of reconsideration remained in effect. (*Id*.)

Plaintiff requested review of the ALJ's order, stating she has "severe IBS" and missed her hearing because she "was very sick." (Dkt. 13-6 at 2.) On February 1, 2013, the Appeals Council denied plaintiff's request for review. (*Id*. at 4-5.) Plaintiff thereafter commenced the current action in this Court.

## DISCUSSION

Judicial review of a claim for Social Security disability benefits is limited to review of a "final decision of the Commissioner of Social Security made after a hearing[.]" 42 U.S.C. § 405(g); *accord Califano v. Sanders*, 430 U.S. 99, 107-08 (1977) (§ 405(g) "clearly limits judicial review to a particular type of agency action, a 'final decision of the Secretary made after a hearing.'") This Court lacks subject matter jurisdiction over claims upon which there has been no final agency action. 42 U.S.C. § 405(g) and § 405(h) ("The findings and decisions of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."); *Weinberger v. Salfi*, 422 U.S. 749, 763-66 (1975) (interpreting § 405(g)'s requirement of a final decision after a hearing "to be central to the requisite grant of subject-matter jurisdiction – the statute empowers district courts to review a particular type of decision by the Secretary, that type being those which are 'final' and 'made after a hearing.'"); *Johnson v. Shalala*, 2 F.3d 918, 921 (9th Cir. 1993) ("Section 405(g) requires an SSI claimant to obtain a final judgment from the Secretary before seeking judicial review.")

The meaning of the term "final decision" is to be defined by the Commissioner's regulations. *Weinberger*, 422 U.S. at 766. Under the regulations, a claimant obtains the Commissioner's final decision only after completing the four steps of the administrative review process: (1) initial determination; (2) reconsideration determination; (3) hearing before an ALJ; and (4) Appeals Council review. *See* 20 C.F.R. § 416.1400(a). As stated by the Ninth Circuit, "[a] final decision has two elements: (1) presentment of the claim to the Commissioner,

and (2) complete exhaustion of administrative remedies." *Kildare v. Saenz*, 325 F.3d 1078, 1082 (9th Cir. 2003) (citing *Johnson*, 2 F.3d at 921).

Where a claim is dismissed for failure to appear at a scheduled hearing, the dismissal of a request for a hearing becomes binding. 20 C.F.R. §§ 416.1457, 416.1459. The denial of a request for a hearing is not subject to judicial review. *See* § 416.1403(a) ("Administrative actions that are not initial determinations may be reviewed by us, but they are not subject to the administrative review process provided by this subpart and they are not subject to judicial review."). That is, where a claimant fails to appear for a scheduled hearing, she fails to exhaust "'the administrative remedy upon which judicial review depends[,]'" and there is no final decision by the Commissioner. *Subia v. Comm'r of Soc. Sec.*, 264 F.3d 899, 902 (9th Cir. 2001) (quoting *Hoye v. Sullivan*, 985 F.2d 990, 991 (9th Cir. 1992)).

An exception to the administrative exhaustion requirement exists where a plaintiff raises a "colorable" constitutional challenge to the Commissioner's decision. *Sanders*, 430 U.S. at 109; *Subia*, 264 F.3d at 902. "A constitutional claim is colorable if it is not wholly insubstantial, immaterial, or frivolous." *Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008) (internal quotation marks and quoted sources omitted). The mere assertion of a bare constitutional violation without supporting allegations is not a colorable constitutional claim. *Id.* "Rather, the claim must be supported by facts sufficient to state a violation of substantive or procedural due process." *Id*. (internal quotation marks and quoted sources omitted). A claimant who cites "arguably relevant" case law in support of her claim has asserted a colorable claim. *See Rolen v. Barnhart*, 273 F.3d 1189, 1191 (9th Cir. 2001). Determining whether a constitutional claim is colorable requires an examination of its merits; however, a

determination that a claim lacks merit does not necessarily mean that it is not colorable. *Boettcher v. Secretary of Health & Human Services*, 759 F.2d 719, 722 (9th Cir. 1985).

Plaintiff here maintains the existence of a colorable constitutional claim giving rise to subject matter jurisdiction. She avers the denial of a meaningful opportunity to be heard. As stated in Social Security Ruling (SSR) 79-19: "Adequate protection of [the] right [to appear at a hearing] is important because, by waiving attendance at a hearing, the appellant gives up an opportunity to present additional oral testimony himself or herself, or through a representative, directly to the decision-maker, even though this could affect the decision." Plaintiff notes the Ninth Circuit's recognition that the *Sanders* exception applies "to any colorable constitutional claim of due process violation that implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination." *Klemm*, 543 F.3d at 1144 (internal quotation marks and quoted sources omitted). *See also Udd v. Massanari*, 245 F.3d 1096, 1099 (9th Cir. 2001) ("It is axiomatic that due process requires that a claimant receive meaningful notice and an opportunity to be heard before his claim for disability benefits may be denied.") (citing *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)).

Responding to arguments raised by the Commissioner, plaintiff notes that she was not required to submit her request for a continuance in writing. *See* 20 C.F.R. § 416.1436(d) ("If at all possible, the request [for a change in the time or place of the hearing] should be in writing.") *Accord* Dkt. 13-4 ("If possible, your request should be in writing[.]") Further, plaintiff was not represented at the time of the hearing, and asserts she was not told, at the time she called to request a continuance, either to submit any evidence in support of her request or that she could

have someone appear at the hearing in proxy.  Plaintiff observes that the ALJ in this case did not appear to be aware plaintiff had attempted to reschedule the hearing and made no effort to obtain evidence from her prior to dismissing her claim.  (*See* Dkt. 13-5 at 5-6.)  She avers that the ALJ's decision does not reflect she actually gave any consideration to the factors relevant to a good cause determination.  (Dkt. 13-5 at 6.)  *See also* 20 C.F.R. § 416.1457(b)(2) ("In determining good cause or good reason . . . we will consider any physical, mental, educational, or linguistic limitations . . . which you may have.")  Plaintiff also observes that the ALJ issued her order of dismissal two days after the date of the scheduled hearing, despite the provision in the regulations allowing for a ten-day period to explain a failure to appear.  § 416.457(b)(1)(ii) (ALJ may dismiss a request for a hearing where neither a claimant or representative appears at a scheduled hearing "and within 10 days after the [ALJ] mails you a notice asking why you did not appear, you do not give a good reason for the failure to appear.")  Finally, plaintiff notes that, despite the fact that the ALJ had the entire record and the assistance of a vocational expert, she dismissed the claim without any consideration of the merits.

        Considering the above, the Court concludes that plaintiff presents a colorable constitutional claim of a denial of a meaningful opportunity to be heard.  Plaintiff was not represented at the time of the hearing, and alleges she orally requested a continuance based on an ongoing medical problem, and was not then informed either to submit evidence supporting her claim of good cause or that she could send a proxy to the hearing.  *Cf. Swain v. Astrue*, No. CV 11-04870-JEM, 2012 U.S. Dist. LEXIS 45109 at *10-12 (C.D. Cal. Mar. 20, 2012) (ALJ informed claimant's counsel prior to hearing that an elective medical procedure (a colonoscopy) did not set forth good cause to postpone a hearing, the represented claimant failed

to submit evidence or treatment records establishing a serious medical condition supporting good cause, and the claimant did not demonstrate any prejudice given that her counsel attended the hearing in her stead and "even stated, 'There was no need after all for Ms. Swain to be present at the hearing.'")  The ALJ's order of dismissal does not acknowledge plaintiff's request for a postponement, or discuss the basis for her request in conjunction with the factors relevant to a determination of good cause for failure to appear.   The fact that the ALJ issued the order only two days after the scheduled hearing date raises additional doubt as to whether she was aware of plaintiff's request and whether she adequately considered the existence of good cause for plaintiff's failure to appear.

It cannot be said that, considering the above-described facts and assertions, plaintiff's claim is wholly insubstantial, immaterial, or frivolous.  On the contrary, plaintiff sets forth a colorable constitutional claim of a denial of a meaningful opportunity to be heard.   The Court, therefore, has subject matter jurisdiction over this claim.

## CONCLUSION

As stated above, the Court concludes that plaintiff raises a colorable constitutional claim giving rise to subject matter jurisdiction.  Accordingly, defendant's motion to dismiss based on an absence of subject matter jurisdiction (Dkt. 13) is DENIED.   Defendant is directed to submit an Answer to plaintiff's Complaint within **sixty (60) days** of the date of this Order.

DATED this 5th day of September, 2013.

Mary Alice Theiler
Chief United States Magistrate Judge

ORDER RE:
MOTION TO DISMISS
PAGE -7