01

02

03

04

05                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
06                                    AT SEATTLE

07   EMILY J. COOKE,                        )
                                            )    CASE NO. C13-0504-MAT
08            Plaintiff,                     )
                                            )
09        v.                                )    ORDER DENYING MOTION TO
                                            )    DISMISS AND DIRECTING
10   CAROLYN W. COLVIN, Commissioner        )    SUBMISSION OF ANSWER
     of Social Security,                    )
11                                          )
              Defendant.                    )
12   _____ )

13                                   INTRODUCTION

14        Plaintiff Emily Cooke, proceeding *in forma pauperis*, seeks review of the dismissal of

15   her claim for Supplemental Security Income (SSI) by the Commissioner of the Social Security

16   Administration (Commissioner).  Now before the Court is the Commissioner's Motion to

17   Dismiss plaintiff's complaint for lack of subject matter jurisdiction.  (Dkt. 13.)  Having

18   considered the pending motion and plaintiff's response, as well as the remainder of the record,

19   the Court concludes that the Commissioner's motion should be DENIED.

20                                    BACKGROUND

21        Following denial of plaintiff's claim initially and on reconsideration (Dkts. 13-1 and

22   13-2), plaintiff requested a hearing (Dkt. 13-3).  On May 1, 2012, the Administrative Law

ORDER RE:
MOTION TO DISMISS
PAGE -1

01 | Judge (ALJ) issued a notice of hearing, to occur on July 24, 2012.  (Dkt. 13-4.)   The notice

02 | advised that, if needed, plaintiff must ask for a change in the time or place of hearing as soon as

03 | she knew of a problem that would keep her from coming, and stated: "If possible, your request

04 | should be in writing to state why you need the change and the time and place you would like the

05 | hearing held."   (*Id*.)   The notice indicated the ALJ would decide whether plaintiff had a good

06 | reason for requesting a change, or had a good reason for any delay in asking for a change.   (*Id*.)

07 | On May 8, 2012, plaintiff acknowledged receipt of the hearing notice.   (Dkt. 13-5.)

08 | Plaintiff attests that, on July 20, 2012, she called the Office of Disability Adjudication

09 | and Review to request a continuance and was told that her claim would be denied if she did not

10 | appear.  (Dkt. 14-1.)   She did not have an attorney at the time of the hearing and states:   "I

11 | tried to explain my reason but was told it was to [sic] late.   I had been sick almost all of the

12 | summer of 2012.   I called my doctor on numerous occasions but was told that there is nothing

13 | that can be done for an IBS flare."   (*Id*.)

14 | On July 26, 2012, the ALJ issued an Order of Dismissal.  (Dkt. 13-5.)   The ALJ noted

15 | plaintiff was unrepresented, that she did not appear at the hearing, and concluded there was "no

16 | good cause for the claimant's failure to appear at the time and place of hearing."   (*Id*.)   The

17 | ALJ dismissed plaintiff's request for a hearing, and stated that the October 31, 2011 denial of

18 | reconsideration remained in effect.   (*Id*.)

19 | Plaintiff requested review of the ALJ's order, stating she has "severe IBS" and missed

20 | her hearing because she "was very sick."   (Dkt. 13-6 at 2.)   On February 1, 2013, the Appeals

21 | Council denied plaintiff's request for review.   (*Id*. at 4-5.)   Plaintiff thereafter commenced the

22 | current action in this Court.

ORDER RE:
MOTION TO DISMISS
PAGE -2

01                                          DISCUSSION

02         Judicial review of a claim for Social Security disability benefits is limited to review of a

03   "final decision of the Commissioner of Social Security made after a hearing[.]"   42 U.S.C. §

04   405(g); *accord Califano v. Sanders*, 430 U.S. 99, 107-08 (1977) (§ 405(g) "clearly limits

05   judicial review to a particular type of agency action, a 'final decision of the Secretary made

06   after a hearing.'")   This Court lacks subject matter jurisdiction over claims upon which there

07   has been no final agency action.   42 U.S.C. § 405(g) and § 405(h) ("The findings and decisions

08   of the Commissioner of Social Security after a hearing shall be binding upon all individuals

09   who were parties to such hearing. No findings of fact or decision of the Commissioner of Social

10   Security shall be reviewed by any person, tribunal, or governmental agency except as herein

11   provided."); *Weinberger v. Salfi*, 422 U.S. 749, 763-66 (1975) (interpreting § 405(g)'s

12   requirement of a final decision after a hearing "to be central to the requisite grant of

13   subject-matter jurisdiction – the statute empowers district courts to review a particular type of

14   decision by the Secretary, that type being those which are 'final' and 'made after a hearing.'");

15   *Johnson v. Shalala*, 2 F.3d 918, 921 (9th Cir. 1993) ("Section 405(g) requires an SSI claimant

16   to obtain a final judgment from the Secretary before seeking judicial review.")

17         The meaning of the term "final decision" is to be defined by the Commissioner's

18   regulations.  *Weinberger*, 422 U.S. at 766.   Under the regulations, a claimant obtains the

19   Commissioner's final decision only after completing the four steps of the administrative review

20   process: (1) initial determination; (2) reconsideration determination; (3) hearing before an ALJ;

21   and (4) Appeals Council review.  *See* 20 C.F.R. § 416.1400(a).   As stated by the Ninth

22   Circuit, "[a] final decision has two elements: (1) presentment of the claim to the Commissioner,

ORDER RE:
MOTION TO DISMISS
PAGE -3

01 and (2) complete exhaustion of administrative remedies." *Kildare v. Saenz*, 325 F.3d 1078,

02 1082 (9th Cir. 2003) (citing *Johnson*, 2 F.3d at 921).

03       Where a claim is dismissed for failure to appear at a scheduled hearing, the dismissal of

04 a request for a hearing becomes binding. 20 C.F.R. §§ 416.1457, 416.1459. The denial of a

05 request for a hearing is not subject to judicial review. *See* § 416.1403(a) ("Administrative

06 actions that are not initial determinations may be reviewed by us, but they are not subject to the

07 administrative review process provided by this subpart and they are not subject to judicial

08 review."). That is, where a claimant fails to appear for a scheduled hearing, she fails to exhaust

09 "'the administrative remedy upon which judicial review depends[,]'" and there is no final

10 decision by the Commissioner. *Subia v. Comm'r of Soc. Sec.*, 264 F.3d 899, 902 (9th Cir.

11 2001) (quoting *Hoye v. Sullivan*, 985 F.2d 990, 991 (9th Cir. 1992)).

12       An exception to the administrative exhaustion requirement exists where a plaintiff

13 raises a "colorable" constitutional challenge to the Commissioner's decision. *Sanders*, 430

14 U.S. at 109; *Subia*, 264 F.3d at 902. "A constitutional claim is colorable if it is not wholly

15 insubstantial, immaterial, or frivolous." *Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008)

16 (internal quotation marks and quoted sources omitted). The mere assertion of a bare

17 constitutional violation without supporting allegations is not a colorable constitutional claim.

18 *Id.* "Rather, the claim must be supported by facts sufficient to state a violation of substantive

19 or procedural due process." *Id*. (internal quotation marks and quoted sources omitted). A

20 claimant who cites "arguably relevant" case law in support of her claim has asserted a colorable

21 claim. *See Rolen v. Barnhart*, 273 F.3d 1189, 1191 (9th Cir. 2001). Determining whether a

22 constitutional claim is colorable requires an examination of its merits; however, a

ORDER RE:
MOTION TO DISMISS

01     determination that a claim lacks merit does not necessarily mean that it is not colorable.

02     *Boettcher v. Secretary of Health & Human Services*, 759 F.2d 719, 722 (9th Cir. 1985).

03          Plaintiff here maintains the existence of a colorable constitutional claim giving rise to

04     subject matter jurisdiction.   She avers the denial of a meaningful opportunity to be heard.   As

05     stated in Social Security Ruling (SSR) 79-19:   "Adequate protection of [the] right [to appear at

06     a hearing] is important because, by waiving attendance at a hearing, the appellant gives up an

07     opportunity to present additional oral testimony himself or herself, or through a representative,

08     directly to the decision-maker, even though this could affect the decision."   Plaintiff notes the

09     Ninth Circuit's recognition that the *Sanders* exception applies "to any colorable constitutional

10     claim of due process violation that implicates a due process right either to a meaningful

11     opportunity to be heard or to seek reconsideration of an adverse benefits determination."

12     *Klemm*, 543 F.3d at 1144 (internal quotation marks and quoted sources omitted).   *See also*

13     *Udd v. Massanari*, 245 F.3d 1096, 1099 (9th Cir. 2001) ("It is axiomatic that due process

14     requires that a claimant receive meaningful notice and an opportunity to be heard before his

15     claim for disability benefits may be denied.") (citing *Mathews v. Eldridge*, 424 U.S. 319, 333

16     (1976)).

17          Responding to arguments raised by the Commissioner, plaintiff notes that she was not

18     required to submit her request for a continuance in writing.   *See* 20 C.F.R. § 416.1436(d) ("If at

19     all possible, the request [for a change in the time or place of the hearing] should be in writing.")

20     *Accord* Dkt. 13-4 ("If possible, your request should be in writing[.]")   Further, plaintiff was not

21     represented at the time of the hearing, and asserts she was not told, at the time she called to

22     request a continuance, either to submit any evidence in support of her request or that she could

ORDER RE:
MOTION TO DISMISS
PAGE -5

01  have someone appear at the hearing in proxy.   Plaintiff observes that the ALJ in this case did

02  not appear to be aware plaintiff had attempted to reschedule the hearing and made no effort to

03  obtain evidence from her prior to dismissing her claim.   (*See* Dkt. 13-5 at 5-6.)   She avers that

04  the ALJ's decision does not reflect she actually gave any consideration to the factors relevant to

05  a good cause determination.   (Dkt. 13-5 at 6.)   *See also* 20 C.F.R. § 416.1457(b)(2) ("In

06  determining good cause or good reason . . . we will consider any physical, mental, educational,

07  or linguistic limitations . . . which you may have.")   Plaintiff also observes that the ALJ issued

08  her order of dismissal two days after the date of the scheduled hearing, despite the provision in

09  the regulations allowing for a ten-day period to explain a failure to appear.   § 416.457(b)(1)(ii)

10  (ALJ may dismiss a request for a hearing where neither a claimant or representative appears at a

11  scheduled hearing "and within 10 days after the [ALJ] mails you a notice asking why you did

12  not appear, you do not give a good reason for the failure to appear.")   Finally, plaintiff notes

13  that, despite the fact that the ALJ had the entire record and the assistance of a vocational expert,

14  she dismissed the claim without any consideration of the merits.

15        Considering   the   above,   the   Court   concludes   that   plaintiff   presents   a   colorable

16  constitutional claim of a denial of a meaningful opportunity to be heard.   Plaintiff was not

17  represented at the time of the hearing, and alleges she orally requested a continuance based on

18  an ongoing medical problem, and was not then informed either to submit evidence supporting

19  her claim of good cause or that she could send a proxy to the hearing.   *Cf. Swain v. Astrue*, No.

20  CV 11-04870-JEM, 2012 U.S. Dist. LEXIS 45109 at *10-12 (C.D. Cal. Mar. 20, 2012) (ALJ

21  informed   claimant's   counsel   prior   to   hearing   that   an   elective   medical   procedure   (a

22  colonoscopy) did not set forth good cause to postpone a hearing, the represented claimant failed

ORDER RE:
MOTION TO DISMISS
PAGE -6

01  to submit evidence or treatment records establishing a serious medical condition supporting

02  good cause, and the claimant did not demonstrate any prejudice given that her counsel attended

03  the hearing in her stead and "even stated, 'There was no need after all for Ms. Swain to be

04  present at the hearing.'")   The ALJ's order of dismissal does not acknowledge plaintiff's

05  request for a postponement, or discuss the basis for her request in conjunction with the factors

06  relevant to a determination of good cause for failure to appear.   The fact that the ALJ issued the

07  order only two days after the scheduled hearing date raises additional doubt as to whether she

08  was aware of plaintiff's request and whether she adequately considered the existence of good

09  cause for plaintiff's failure to appear.

10          It cannot be said that, considering the above-described facts and assertions, plaintiff's

11  claim is wholly insubstantial, immaterial, or frivolous.   On the contrary, plaintiff sets forth a

12  colorable constitutional claim of a denial of a meaningful opportunity to be heard.   The Court,

13  therefore, has subject matter jurisdiction over this claim.

14                                         CONCLUSION

15          As stated above, the Court concludes that plaintiff raises a colorable constitutional

16  claim giving rise to subject matter jurisdiction.   Accordingly, defendant's motion to dismiss

17  based on an absence of subject matter jurisdiction (Dkt. 13) is DENIED.   Defendant is directed

18  to submit an Answer to plaintiff's Complaint within **sixty (60) days** of the date of this Order.

19          DATED this 5th day of September, 2013.

20

21                                                      Mary Alice Theiler
                                                        Chief United States Magistrate Judge

22

ORDER RE:
MOTION TO DISMISS
PAGE -7